UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| JOYCE BARLOW and | * | |
| CLARA G. MOSKO, | * | |
| | * | |
| Plaintiffs-Appellees | * | Nos. 13-1839(L), 13-1840 |
| | * | |
| v. | * | |
| | * | |
| COLGATE-PALMOLIVE COMPANY, | * | |
| | * | |
| Defendant-Appellant | * | |

************

## APPELLEES' OPPOSITION TO COLGATE-PALMOLIVE'S MOTION TO EXPEDITE APPEAL

Pursuant to this Court's Order dated July 5, 2013, Appellees Clara Mosko and Joyce Barlow, by and through their attorneys, hereby oppose Colgate-Palmolive's Motion to Expedite Appeal for the reasons stated herein. This appeal follows at the heels of a contentious sanctions proceeding conducted before Judge William M. Nickerson in the U.S. District Court for the District of Maryland. From the onset, Colgate has fashioned its quest for relief in the form of a Motion for Sanctions based upon alleged misrepresentations made in two Motions for Remand filed on July 17, 2012 in the Barlow and Mosko cases.

The crux of Colgate's original argument in front of Judge Nickerson was that following remand of the Mosko and Barlow cases, an attorney for the Plaintiffs made

1

statements to the Circuit Court for Baltimore City that showed that statements made to the U.S. District Court during the remand proceedings were untrue.[1] However as the events during the sanctions proceeding unfolded, it became clear that Colgate was not attempting to gain redress for any violation of FRCP Rule 11. Rather, Colgate switched course abruptly in the eleventh hour and tried to convert the sanctions proceedings into a request for reconsideration of the original remands.

This belated request is simply not supported under prevailing law. Judge Nickerson noted in his denial of Colgate's Motions for Sanctions that once remand is effectuated, the district court loses the ability to reconsider its decision. See In re Lowe, 102 F.3d 731 (4th Cir. 1996). With regard to the instant motion, however, it is the timing of Colgate's request that is particularly relevant.

In the district court, Colgate never asked that the district court's remand orders be voided until oral argument on the motions for sanctions and did not formalize that request by a paper filing until after the hearing on the sanctions motions. Yet now, Colgate asks this Court to expedite this appeal so that its last minute request for

---

[1] Plaintiffs dispute Colgate's claim for sanctions. In the district court, Plaintiffs argued to Judge Nickerson that there were no Rule 11 violations made by counsel for Ms. Barlow and Ms. Mosko during the remand proceedings, and it is the Plaintiffs' position in this appeal that Judge Nickerson did not abuse his discretion when he denied Colgate's request for sanctions. The Plaintiffs will not belabor that point in this opposition to Colgate's Motion to Expedite.

reconsideration of Judge Nickerson and Judge Quarles' unreviewable remand orders can be heard before the scheduled trial in state court. It is simply not fair to counsel for the Plaintiffs, this Court and its staff to allow Colgate to jump ahead in line and force the acceleration of an issue that Colgate had literally months to develop in the district court.

## PROCEDURAL HISTORY

The journey leading to this appeal began over a year ago when Ms. Barlow and Ms. Mosko, who both have contracted mesothelioma, filed suit against Colgate and various other defendants in the Circuit Court for Baltimore City seeking compensation for their injuries. On June 15, 2012, Colgate removed the two actions to federal court claiming that certain Maryland defendants were fraudulently joined in the suit. (Mosko, Civ. No. WMN-12-1781, ECF1, Barlow, Civ. No. WMN-12-1780, ECF1). After a full briefing on the Plaintiffs' remand motions, Judge Quarles and Judge Nickerson each found that Colgate had failed to carry its heavy burden of proving fraudulent joinder and remanded the actions back to state court. (Mosko, Civ. No. WMN-12-1781, ECF190, Barlow, Civ. No. WMN-12-1780, ECF144). These orders were entered on September 24, 2012 and November 1, 2012, respectively.

On November 9, 2012, Mr. Thomas P. Kelly, an attorney on Ms. Mosko and Ms. Barlow's trial team, petitioned the state court to put the cases back into their original trial group. It was in the re-consolidation proceedings conducted in front of Judge Glynn in the Circuit Court for Baltimore City where statements were made which Colgate contends allegedly contradicted statements made in the federal remand proceedings. It is Colgate's contention that the misrepresentations occurred in the federal forum and that it is entitled to relief under FRCP 11. At a hearing in front of Judge Glynn conducted on December 5, 2012, Colgate announced its intention to file for Rule 11 sanctions in the federal district court. (Mosko, Civ. No. WMN-12-1781, ECF199, 2 at T. 42; Barlow, Civ. No. WMN-12-1780, ECF154, 2 at T. 42).

Colgate would wait over a month to serve Plaintiffs with its Motion for Sanctions in the Mosko, and on January 30, 2013, Colgate's Motion for Sanctions was finally filed in the Mosko case. It would not file its Motion for Sanctions in the Barlow case until February 20, 2013. (Mosko, Civ. No. WMN-12-1781, ECF193, Barlow, Civ. No. WMN-12-1780, ECF147). In those motions, Colgate requested that sanctions in the form of costs and attorneys fees incurred by Colgate in the remand proceedings be assessed against the Plaintiffs. Colgate further requested that counsel for the Plaintiffs be "referred to disciplinary authorities." At no time within those two

Motions for Sanctions did Colgate even intimate that it wanted Judge Quarles or Judge Nickerson to rescind their original orders of remand.

After careful consideration, counsel for the Plaintiffs opted to avail themselves the option afforded to them under Local Rule 105.8(b), which states that a party need not respond to any motion filed under Fed. R. Civ. P. 11 unless ordered to do so by the court. Colgate never requested that the district court judges place its sanction motions on a briefing schedule. Rather on March 14, 2013, over three months after the state court reconsolidation hearing, Colgate filed a third Motion for Sanctions in the Circuit Court for Baltimore City alleging that misrepresentations were made in federal court during the remand proceedings. For the first time, Colgate requested that Judge Glynn dismiss the Mosko and Barlow cases and order that the suits be re-filed against Colgate in federal court. (Mosko, Civ. No. WMN-12-1781, ECF199, 3; Barlow, Civ. No. WMN-12-1780, ECF154, 3). On March 29, 2013, Plaintiffs filed an opposition to Colgate's Motion for Sanctions filed in State court pointing out that Judge Glynn lacked the authority to issue sanctions for alleged misconduct in another forum and lacked authority to grant the relief requested since the remand orders are unreviewable under federal law. (Mosko, Civ. No. WMN-12-1781, ECF199, 4 Barlow, Civ. No. WMN-12-1780, ECF154, 4). On May 10, 2013, Judge Glynn denied Colgate's Motion for Sanctions from the bench and without entertaining oral

5

argument. (Mosko, Civ. No. WMN-12-1781, ECF199, 5 at T. 83, Barlow, Civ. No. WMN-12-1780, ECF154, 5 at T. 83).

Having lost in state court, Colgate finally turned its attention to the previously filed Motions for Sanctions filed in district court. Six days after Judge Glynn denied its motion for sanctions from the bench, Colgate requested that Judge Quarles and Judge Nickerson place its motions on a briefing schedule, and Judge Nickerson granted the request[2]. (Mosko, Civ. No. WMN-12-1781, ECF194, Barlow, Civ. No. WMN-12-1780, ECF148). Colgate never amended its federal Motions for Sanctions to request that the district court rescind its remand orders in the Mosko and Barlow cases. Accordingly on May 30, 2013,[3] Plaintiffs opposed the Motions for Sanctions as they were filed. (Mosko, Civ. No. WMN-12-1781, ECF199, Barlow, Civ. No. WMN-12-1780, ECF154). Colgate filed its reply on June 10, 2013, which made absolutely no mention of any request that the district court rescind the remand orders. (Mosko, Civ. No. WMN-12-1781, ECF202, Barlow, Civ. No. WMN-12-1780, ECF156). On June 14, 2013 Plaintiffs presented a proposed surreply to Judge

---

[2] After Colgate requested a briefing schedule, the district court consolidated the Mosko and Barlow, and both cases were assigned to Judge Nickerson.

[3] Plaintiffs had technical difficulties getting their brief filed properly on May 30, 2013. They were able to correct the filing on May 31, 2013.

6

Nickerson.  The proffer of the surreply was made on the basis that Colgate made a new and unfounded accusation against the Plaintiffs in its reply and to bring the court's attention to contradictory remarks made by Colgate in a hearing before Judge Glynn held after the filing of Plaintiffs' oppositional brief.  (Mosko, Civ. No. WMN-12-1781, ECF204, Barlow, Civ. No. WMN-12-1780, ECF161).  Colgate countered with its own proposed surreply brief.  There was again no mention within Colgate's proposed surreply to indicate that Colgate wanted the district court to rescind its remand orders issued months previously.  (Mosko, Civ. No. WMN-12-1781, ECF205, Barlow, Civ. No. WMN-12-1780, ECF162).

It was not until the hearing on the Motions for Sanctions held on June 20, 2013 that Colgate would inform Judge Nickerson that it no longer was seeking the monetary award it requested in its original motions and, instead, was requesting that Judge Nickerson rescind the remand orders issued over eight months previously.  In fact, Colgate did not even afford the Plaintiffs the courtesy of changing its request for relief in its argument in chief thereby affording the Plaintiffs the opportunity to address Colgate's abrupt switch in their oral argument.  Rather, Colgate opted to blindside the Plaintiffs by informing Judge Nickerson of the new claim for relief in its rebuttal argument, forcing the Plaintiffs to take control of the podium after Colgate's rebuttal without even knowing if Judge Nickerson would even be willing

7

to entertain further oral argument on the issue of sanctions.

On June 24, 2013, Colgate finally filed its motion pursuant to FRCP 60(b)(3) formally requesting that Judge Nickerson rescind the remand orders that had been in place for months. (Mosko, Civ. No. WMN-12-1781, ECF207, Barlow, Civ. No. WMN-12-1780, ECF164). This maneuver forced Plaintiffs to scramble to try and address a brand new Rule 60 proceeding and the new claim for relief stuffed into the back end of a fully briefed and argued sanctions proceeding. Judge Nickerson, however, spared the Plaintiffs from having to oppose the belated filing by issuing his opinion dated June 25, 2013, denying Colgate's request for Rule 60 relief and denying Colgate's Motions for Sanctions. (Mosko, Civ. No. WMN-12-1781, ECF208, Barlow, Civ. No. WMN-12-1780, ECF165). In his order, Judge Nickerson noted that he could not reconsider the remand orders by virtue of 28 U.S.C. §1447. Judge Nickerson further ruled that even if Colgate had requested appropriate Rule 11 redress, he would not have sanctioned Plaintiffs under Rule 11.

## ARGUMENT

Colgate's claim of exigency is grounded solely in its dubious claim that it can prevail in this appeal and gain access to a federal forum in the Mosko and Barlow cases. If Colgate's appeal was grounded in its Motions for Sanctions as they were originally filed, it would have no basis to claim that this appeal should be expedited.

8

That is because the trial set in the state court for this fall would not hinder this Court's ability to review Judge Nickerson's decision not to grant Rule 11 sanctions against counsel for the Plaintiffs since motions for Rule 11 sanctions are proceedings that are completely collateral in nature.

But Colgate effectively abandoned its quest for monetary sanctions by limiting its request for sanctions to the request that the remand orders be voided in the hearing before Judge Nickerson. And it is that untimely request that forms the basis for Colgate's Motion to Expedite Appeal. Indeed, the only way that Colgate can argue that some sort of exigency in this case exists to warrant expediting this appeal is if Colgate can successfully argue to this Court that Judge Nickerson abused his discretion in refusing to void the remand orders issued in the Mosko and Barlow cases.

But Judge Nickerson was legally correct when he ruled that he had no power to do so. Contrary to Colgate's assertions that it is presenting a novel issue on appeal in this case, well established Fourth Circuit case law makes clear that 28 U.S.C. §1447(d)'s mandate that orders of remand are "not reviewable on appeal or otherwise" bars a district court from reconsidering its decision to remand a case. In In re Lowe, 102 F.3d 731, 734 (4th Cir. 1996), the Fourth Circuit Court of Appeals granted a writ of mandamus in a case where a district court granted a motion to

9

reconsider its decision to remand a case to state court. Likewise in <u>Three J Farms, Inc. v. Alton Box Board Co.</u>, 609 F.2d 112 (4th Cir. 1979), the Fourth Circuit granted a writ of mandamus in a case where a district court vacated its order remanding a case back to state court on the grounds that the order had been entered by mistake and inadvertence. And in <u>In re La Providencia Dev. Corp.</u>, 406 F.2d 251 (4th Cir. 1969), the Fourth Circuit again granted a writ of mandamus in a case where a district court vacated its order of remand.

In all of these cases, it was held that §1447(d)'s language preventing the review of an order of remand "on appeal or otherwise" included review of an order of remand by the district court itself. The <u>Lowe</u> court stated:

> Indisputably, "otherwise" in §1447(d) includes reconsideration be the district court. *See Three J Farms[, Inc. v. Alton Box Bd. Co.]*, 609 F.2d at 115 ("Unquestionably, the statute not only forecloses appellate review, but also bars reconsideration of such an order by the district court."); *[In re] La Providencia [Dev. Corp.]*, 406 F.2d at 253 ("Both [district and appellate court review] are foreclosed; nothing could be more inclusive than the phrase 'on appeal or otherwise.'").

102 F.3d at 734. As noted by the Fourth Circuit in <u>La Providencia</u>, a federal court in ordering remand "has on shot, right or wrong." 406 F.2d at 253.

There is no legal authority supporting Colgate's theory in this appeal that a district court can vacate its remand orders through a motion for reconsideration, a

10

motion filed pursuant to Rule 11, or a motion filed pursuant Rule 60. Judge Quarles and Judge Nickerson ordered the remand of both cases over eight months ago. 28 U.S.C. §1447(d) is explicit in dictating that those orders cannot be reviewed by appeal or otherwise. Under the decisions of this Circuit interpreting the language or §1447(d), it has been universally held that orders of remand cannot be vacated by the district court. So, Colgate's entire request for relief before this Court on appeal is fundamentally flawed. There is no equitable reason to expedite an appeal if there is no legal basis for Colgate's claim for relief[4].

But the more concerning aspect of Colgate's request that this appeal be expedited is the fact that Colgate would ask this Court for permission to jump ahead of the line and have this appeal fully briefed and be heard on the merits on an

---

[4] Colgate argues that there are policy considerations that come into play here because if Colgate's appeal fails, then parties would have no redress where a removed party obtains remand through fraud. This is not true. 28 U.S.C. §1446 ( c)(1) sets a firm deadline of one year to establish diversity jurisdiction "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing action." So it appears that parties who find evidence that a plaintiff acted in bad faith to avoid federal jurisdiction have the opportunity to remove a case once the fraud was uncovered, thereby bringing the case back under the jurisdiction of the district court. Of course, it is much too late for that provision within §1441 ( c)(1) to be utilized here because eight months has passed, and 28 U.S.C. §1446(b)(3) makes clear that a party has only thirty days after receipt of a paper establishing federal jurisdiction to effectuate removal. Furthermore since Judge Nickerson found no basis to grant Rule 11 sanctions, it seems highly unlikely that he would have found the Plaintiffs acted in bad faith.

expedited basis when Colgate itself did not have the motivation to file for Rule 60 relief in the district court until after the hearing on its Rule 11 Motion for Sanctions and only one week before it would end up filing its notice of appeal. The entirety of Colgate's allegations of misconduct occurred in the immediate aftermath of Judge Nickerson's order of remand in the <u>Barlow</u> case. In particular, Colgate claims that on November 9, 2012 and December 5, 2012, counsel for the Plaintiffs made statements which exposed statements made in Plaintiffs' Motions for Remand as misrepresentations. Nothing has changed since that point in time to justify why it took Colgate a full eight months to request that the district court vacate its remand orders.

　　Instead, Colgate waited until its rebuttal in its oral argument to raise the issue despite the fact that it had every opportunity to make the request in the preceding months. In essence, Colgate is requesting that this Court expedite an appeal on the basis of a supposed exigency that Colgate itself created. Had Colgate attempted to file a timely Rule 60, it would have had the luxury of pursuing this very same appeal without asking this Court to expedite briefing. But Colgate's trial tactics throughout the state court proceedings has always been grounded in the notions of delay and confusion. Staying true to its past conduct, Colgate patiently waited to make its desire that the district court vacate its remand orders known until the very last minute.

Colgate was so dilatory in bringing its request to the district court that the Plaintiffs did not even have the opportunity to place their objections to the Rule 60 motion on the record in the lower court before Judge Nickerson made his ruling[5].

Colgate cannot even claim it was ignorant of the possibility that it could ask for Rule 60 relief. On March 14, 2013, Colgate filed a motion for sanctions in state court requesting the same exact relief that Colgate would not request of the federal court until it filed its Rule 60 motion in the eleventh hour. Of course, the remedy that Colgate requested of the state court was entirely inappropriate because it placed Judge Glynn in the position of policing alleged misconduct in another forum and acting as an appellate arbiter of an unreviewable federal court decision. Instead of filing that ill-advised motion, Colgate could have simply filed a Rule 60 motion in the district court.

Colgate did not even amend its pleadings when it asked the federal district court to set its motions for sanctions for briefing. While that may not have cured the exigency that Colgate now relies upon to petition this Court to expedite the appeal, it would have at least shown some effort on Colgate's part to fully develop the federal court record by allowing for a complete briefing process from both parties before

---

[5] Colgate cannot have any complaint with that since it afforded itself the opportunity of fully briefing its request for relief before the district court despite knowing that Judge Nickerson's decision was imminent.

Judge Nickerson held his hearing on the matter. It is absurd for Colgate to now argue that it is entitled to have this appeal expedited based upon a Rule 60 motion that it showed absolutely no desire in pursuing until the sanctions proceedings were all but concluded. Colgate should not be rewarded for its dilatory conduct.

Colgate argues that Plaintiffs will not be prejudiced by expediting this appeal. That is not true. The briefing and filing of an appellate brief in the Fourth Circuit is of no small concern, and counsel for the Plaintiffs have their regular case load to handle. While there may be times when it is necessary to expedite an appeal, it should not be a request made as a matter of course. Parties requesting such relief should at least show that some likelihood for success on appeal and a good faith attempt to pursue that relief in the district court. Colgate has done neither. It is completely unfair to force counsel for the Plaintiffs to rearrange their schedules to expedite the briefing process on an issue that Colgate showed so little interest in in the court below.

## **CONCLUSION**

For the reasons stated herein, Appellees request that this Court deny Colgate's Motion to Expedite Appeal.

Dated: July 9, 2013                    Respectfully submitted,


                                       */s/ Jennifer L. Lilly*
                                       Jennifer L. Lilly
                                       Federal Bar No. 28356
                                       LAW OFFICES OF PETER G. ANGELOS, P.C.
                                       One Charles Center - 22nd Floor
                                       100 North Charles Street
                                       Baltimore, MD 21201
                                       (410) 649-20000

                                       Attorneys for Plaintiffs-Appellees


## **CERTIFICATE OF SERVICE**

I certify that on July 9, 2013, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users, or if they are not, by serving a true and correct copy at the addresses listed below:

Thomas P. Bernier, Esquire
Segal McCambridge Singer & Mahoney, Ltd.
One North Charles Street, Ste. 2500
Baltimore, MD 21201
*Attorneys for Defendant-Appellant*
*Colgate-Palmolive Company*


Date: July 9, 2013                     */s/ Jennifer L. Lilly*
                                       Jennifer L. Lilly