## Nos. 13-1839, 13-1840

IN THE

# United States Court of Appeals

FOR THE FOURTH CIRCUIT

JOYCE BARLOW,

*Plaintiff-Appellee,*

*v.*

COLGATE PALMOLIVE COMPANY,

*Defendant-Appellant,*

*and*

JOHN CRANE-HOUDAILLE, INCORPORATED, *et al.*,

*Defendants.*

_____

CLARA G. MOSKO,

*Plaintiff-Appellee,*

*v.*

COLGATE PALMOLIVE COMPANY,

*Defendant-Appellant,*

*and*

JOHN CRANE-HOUDAILLE, INCORPORATED, *et al.*,

*Defendants.*

_____

*On Appeal From The United States District Court
For The District Of Maryland (Baltimore)*

## APPELLANT'S PETITION FOR REHEARING EN BANC

Thomas P. Bernier
SEGAL MCCAMBRIDGE SINGER
  & MAHONEY
One North Charles Street, Suite 2500
Baltimore, Maryland 21201
(410) 779-3960

Faith E. Gay
William B. Adams
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................ ii

INTRODUCTION AND RULE 35(B) STATEMENT ............................................1

FACTUAL STATEMENT ..............................................................................3

      A.    The State-Court Complaints..................................................3

      B.    The Removal To Federal Court And Remand To State Court.............3

      C.    Colgate's Motions For Sanctions And Rule 60(b)(3) Relief ...............5

      D.    The District Court's Orders..................................................5

      E.    The Panel Decision............................................................6

ARGUMENT ..............................................................................................9

I.    *EN BANC* REVIEW IS WARRANTED BECAUSE THE PANEL DECISION CONFLICTS WITH DECISIONS OF THIS COURT AND OTHER COURTS ...............................................................9

      A.    The Panel Decision Conflicts With Decisions Holding That Federal Courts Have Jurisdiction To Consider Post-Remand Sanctions ......................................................................9

      B.    The Panel Decision Conflicts With Decisions Holding That 28 U.S.C. § 1447(d) Does Not Bar Vacatur Of Remand Orders For Reasons Collateral To The Merits.......................................12

II.    *EN BANC* REVIEW IS WARRANTED BECAUSE THE PANEL DECISION INVOLVES A QUESTION OF EXCEPTIONAL IMPORTANCE REGARDING THE INTEGRITY OF FEDERAL JUDICIAL PROCEEDINGS.......................................................14

CONCLUSION ..........................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Anderson v. Cryovac, Inc.*,
862 F.2d 910 (1st Cir. 1988)..................................................................2, 12

*Anton Leasing, Inc. v. Engram*,
846 F.2d 69 (4th Cir. 1988) ........................................................................11

*Aquamar, S.A. v. Del Monte Fresh Produce N.A., Inc.*,
179 F.3d 1279 (11th Cir. 1999) ......................................................... 2, 8, 13

*Bryant v. Britt*,
420 F.3d 161 (2d Cir. 2005) ...................................................................2, 11

*Cooter & Gell v. Hartmarx Corp.*,
496 U.S. 384 (1990)...................................................................... 1, 10, 11

*Desert Sch. Fed. Credit Union v. Johnson*,
473 F. App'x 804 (9th Cir. 2012)................................................................11

*In re Garlock Sealing Techs., LLC*,
504 B.R. 71 (Bankr. W.D.N.C. 2014) .........................................................15

*Green v. Foley*,
856 F.2d 660 (4th Cir. 1988) ......................................................................15

*Ill. Mun. Ret. Fund v. Citigroup, Inc.*,
391 F.3d 844 (7th Cir. 2004) ......................................................................14

*ITT Industrial Credit Co. v. Durango Crushers, Inc.*,
832 F.2d 307 (4th Cir. 1987) ..................................................................2, 12

*Lazorko v. Pennsylvania Hospital*,
237 F.3d 242 (3d Cir. 2000) ...................................................................2, 11

*In re Lowe*,
102 F.3d 731 (4th Cir. 1996) .........................................................................6

*Schultz v. Butcher*,
24 F.3d 626 (4th Cir. 1994) ............................................................... 2, 9, 12

ii

*Square Constr. Co. v. Wash. Metro. Area Transit Auth.*,
   657 F.2d 68 (4th Cir. 1981) ................................................................... 13, 15

*Three J Farms, Inc. v. Alton Box Bd. Co.*,
   609 F.2d 112 (4th Cir. 1979) .............................................................. 1, 6, 11

*Tramonte v. Chrysler Corp.*,
   136 F.3d 1025 (5th Cir. 1998) ............................................................. 2, 8, 13

*Williams v. Beemiller, Inc.*,
   527 F.3d 259 (2d Cir. 2008) ...................................................................13

*Willy v. Coastal Corp.*,
   503 U.S. 131 (1992).......................................................................... 1, 10, 11

## STATUTES & RULES

28 U.S.C. § 1447(d) ................................................... 2, 5, 6, 7, 8, 11, 12, 13

Fed. R. Civ. P. 41(a)(1) ........................................................................10

Fed. R. Civ. P. 60(b)(3)............................................... 2, 5, 7, 8, 12, 13

iii

## INTRODUCTION AND RULE 35(b) STATEMENT

The divided panel decision in this case, *Barlow v. Colgate Palmolive Company*, __ F.3d __, 2014 WL 1689002 (4th Cir. April 30, 2014) (Davis, J., joined by Cogburn, D.J., sitting by designation, with Floyd, J., dissenting) (App. A) warrants *en banc* review because—as Judge Floyd explains in his 43-page dissent—it conflicts with decisions of the Supreme Court, this Court, and other courts of appeals and raises questions of exceptional importance regarding the integrity of proceedings seeking remand from federal district courts to state courts.

In holding that federal courts have no authority to sanction counsel for procuring a remand order through misconduct, the panel majority has created a "cosmic circuit split" (as Judge Floyd rightly puts it in dissent) that threatens to undermine the integrity of federal court proceedings. The majority's determination that sanctions were prohibited because "entry of an order remanding a case to state court divests the district court 'of all jurisdiction in [the] case and preclude[s] it from entertaining any further proceedings of any character'" (Slip Op. 9 (quoting *Three J Farms, Inc. v. Alton Box Bd. Co.*, 609 F.2d 112, 115 (4th Cir. 1979))), cannot be reconciled with the Supreme Court's decisions in *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990), and *Willy v. Coastal Corp.*, 503 U.S. 131 (1992), which hold that a district court has authority to impose sanctions even when it lacks subject-matter jurisdiction, or decisions of other courts of appeals,

1

such as *Bryant v. Britt*, 420 F.3d 161 (2d Cir. 2005) (per curiam), and *Lazorko v. Pennsylvania Hospital*, 237 F.3d 242 (3d Cir. 2000), which hold that a district court has authority to impose sanctions after remanding a case to state court. Likewise, the majority's rule is in sharp tension with decisions of this Court, including *ITT Industrial Credit Co. v. Durango Crushers, Inc.*, 832 F.2d 307 (4th Cir. 1987), which affirmed a sanctions award following improper removal.

The panel decision conflicts additionally with decisions of this Court and other courts of appeals in holding that a Fed. R. Civ. P. 60(b)(3) motion to vacate a remand order procured by misconduct constitutes "review[]" of that order prohibited by 28 U.S.C. § 1447(d). For example, in *Schultz v. Butcher*, 24 F.3d 626 (4th Cir. 1994), this Court held that a Rule 60(b)(3) motion concerns whether an order was "unfairly procured," not whether it was wrongly decided on the merits. *Id.* at 631 (quoting *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 924 n.10 (1st Cir. 1988)). And in decisions like *Aquamar, S.A. v. Del Monte Fresh Produce N.A., Inc.*, 179 F.3d 1279 (11th Cir. 1999), and *Tramonte v. Chrysler Corp.*, 136 F.3d 1025 (5th Cir. 1998), other courts of appeals have held that § 1447(d) does not prohibit vacatur of a remand order for reasons collateral to the merits.

These conflicts, moreover, involve an issue of exceptional importance: the integrity of federal judicial proceedings. As Judge Floyd explained in dissent, "if a litigant could flout his duty of candor before a district court and secure remand by

2

misrepresentation, knowing that such remand is <u>never</u> subject to vacatur, he would lose all incentive to present the facts of a case honestly to the court during removal." Slip Op. 40. The majority has created just such a situation.

For these reasons, Appellant Colgate-Palmolive Company ("Colgate") respectfully requests rehearing *en banc*.

## FACTUAL STATEMENT

### A.    The State-Court Complaints

In 2011, Plaintiffs-Appellees Joyce Barlow and Clara Mosko (collectively, "Plaintiffs") filed complaints in the specialized asbestos docket in the Maryland Circuit Court for Baltimore City, naming a litany of defendants, including several Maryland-based defendants. Plaintiffs assert that they contracted mesothelioma through personal use of Colgate's Cashmere Bouquet talcum powder, which was allegedly contaminated with asbestos. A47; A56; A93; A70; A325-26. This theory is both novel and devoid of factual support: Asbestos was never an ingredient of Cashmere Bouquet, whose primary ingredient was at all relevant times pure, high-grade cosmetic talc. Each Plaintiff seeks to recover $40 million in compensatory damages and $15 million in punitive damages. *See* A324.

### B.    The Removal To Federal Court And Remand To State Court

In addition to asserting claims against Colgate (a Delaware corporation headquartered in New York) and other diverse parties, Plaintiffs (Maryland and Florida citizens, respectively) also named several Maryland citizens as defendants.

3

A47-53; A92-93; A56-65.  In June 2012, after Plaintiffs' deposition testimony and discovery responses indicated they had no evidence that their injuries might have been caused by any in-state defendant (A406-416; A422; A433; A449; A587; A597; A613), Colgate removed the actions to federal court on the basis that Plaintiffs had fraudulently joined Maryland defendants.  A27; A36.

Plaintiffs moved to remand (A94; A244), arguing for the first time that they had *bona fide* claims against the Maryland defendants (A95; A114; A245; A265). In *Mosko*, counsel cited Mosko's deposition testimony that she had worked for the Department of Agriculture in a building that was undergoing renovations (A247; A256-57), and then referenced certain invoices showing that a Maryland-based defendant used asbestos-containing products in those renovations (A247).

In *Barlow*, counsel represented that Cashmere Bouquet is "not the only potential source" of Barlow's injuries (A94-95), and cited portions of deposition testimony and medical records to argue that "there is some circumstantial evidence to suggest Ms. Barlow could possibly have been exposed to asbestos-containing products while working [on an assembly line] at RMR Corporation," a Maryland-based company that was *not* a defendant in Barlow's action (A106).

The district court granted both motions to remand (the "Remand Orders"), explicitly relying on counsel's representations that there existed a real possibility they would obtain judgment against an in-state defendant.  A358-59; A368.

4

### C.    Colgate's Motions For Sanctions And Rule 60(b)(3) Relief

After securing remand on this basis, Plaintiffs' counsel immediately told the Circuit Court for Baltimore City that each case was a "one-defendant case" (A494), *disclaiming* both the existence of any evidence against an in-state defendant and any intention to pursue claims against those defendants. Summarizing Plaintiffs' position, counsel stated that "there is *absolutely no evidence* to indicate *or even suggest* that the Plaintiffs were exposed to asbestos in any form *other than Cashmere Bouquet.*"  A476 (emphasis added); *accord* A483.

When the court expressed concern that counsel had made shifting representations in state and federal court, counsel wound up admitting that the "glimmer of hope" of prevailing against in-state defendants disappeared upon remand to state court and had merely been a ruse to keep the case out of federal court.  A495.  Colgate thereafter moved in the district court for sanctions and for relief from the Remand Orders pursuant to Rule 60(b)(3), arguing that "Plaintiff's counsel secured remand by manipulating the judicial process through contradictory representations here and in state court."  A389; *accord* A541.

### D.    The District Court's Orders

Colgate's motions were consolidated for decision by Judge Nickerson, and in June 2013, the district court entered a brief order denying both Rule 60(b)(3) relief and sanctions.  The court ruled *sua sponte* that § 1447(d), which provides in

relevant part that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," deprived it of jurisdiction to vacate the Remand Orders.  In so ruling, the court relied exclusively on *In re Lowe*, 102 F.3d 731 (4th Cir. 1996), which held that § 1447(d)'s bar on "review[]" of remand orders includes *motions for reconsideration* (A1106; A1108).

The district court also declined to impose lesser sanctions.  Although the court found it "troubling" that there "appear[s] to be [a] sharp conflict" between Plaintiffs' counsel's representations in federal and state court, it concluded that these conflicting statements were not sanctionable because they were "attributable to different attorneys in markedly different litigation contexts."  A1106; A1108.

### E.    The Panel Decision

Colgate appealed, and a sharply divided panel of this Court affirmed.

**1.**  The majority (Senior Judge Davis, joined by District Judge Cogburn) held that the district court lacked jurisdiction over Colgate's motions because "entry of an order remanding a case to state court divests the district court 'of all jurisdiction in [the] case and *precludes it from entertaining any further proceedings of any character*….'"  Slip Op. 9 (emphasis altered) (quoting *Three J Farms*, 609 F.2d at 115).  The majority concluded that the interest in finality trumped the countervailing interest in the integrity of remand proceedings.

6

As to Colgate's request for vacatur of the improperly procured Remand Orders, the majority disregarded Colgate's argument that such relief did not require or entail "review[]" of the Remand Orders, and instead held that there is no "litigation-integrity policing exception" (Slip Op. 8-9) or "attorney-misconduct exception" (*id.* at 11, 14) to § 1447(d)'s "prohibition on the review of remand orders" (*id.* at 9). The majority stated, without explanation, that Colgate's motions "necessarily require[] a merits review of the remand orders" (*id.* at 12), and it viewed Colgate as "seek[ing] to relitigate the merits of an issue already litigated" (*id.* at 13).[1] The majority sought to distinguish the decisions from other courts of appeals vacating remand orders on collateral grounds because they purportedly "involved vacatur of remands based on rulings several steps removed from the core jurisdictional inquiry." *Id.*

**2.** In a forceful, 43-page dissent, Judge Floyd explained that he would have reversed the orders denying Colgate's motions for sanctions and Rule 60(b)(3) relief and directed the district court to, among other things, vacate the Remand Orders. Judge Floyd first recited "plaintiffs' shifty positions and counsel's misrepresentations in the district court" (Slip Op. 16) and how "the

---

[1]    The majority also misunderstood Colgate as seeking "the retention of federal jurisdiction as a sanction." Slip Op. 10 (emphasis omitted). Instead, Colgate sought vacatur of the Remand Orders, which would not impose federal jurisdiction but would allow full and fair litigation of jurisdiction.

7

respective district court judges based their remand decisions precisely (and solely) on counsel's factual misrepresentations" (*id.* at 21-22).

Turning to jurisdiction, Judge Floyd relied on numerous decisions from the Supreme Court, this Court, and other courts of appeals to show that "the law could not be more clear" that "the district court had, at a minimum, jurisdiction to consider Colgate's Rule 11 motion for sanctions," and he faulted the majority for "misunderstand[ing] [the] basic legal distinction" between a court's jurisdiction and its ability to grant specific relief. Slip Op. 33. In his view, the majority "maroon[ed] itself on an island all alone, thereby creating a cosmic circuit split and contravening Supreme Court precedent and this Court's precedent." *Id.*

With respect to the Rule 60(b)(3) motions, Judge Floyd concluded that "the majority spurn[ed] … bedrock principles [of statutory construction] by failing to appreciate the distinction between 'vacating' an order and 'reviewing' an order, only the latter of which is prohibited by 28 U.S.C. § 1447(d)." Slip Op. 34. Relying on the Eleventh Circuit's decision in *Aquamar*, 179 F.3d at 1288, and the Fifth Circuit's decision in *Tramonte*, 136 F.3d at 1028, both of which applied the "vacate/review distinction" (Slip Op. 35), Judge Floyd explained that § 1447(d) does not bar Colgate's Rule 60(b)(3) motion since "Colgate … attacks the manner by which the plaintiffs secured the remand orders, not the merits or correctness of the orders themselves" (*id.* at 37-38).

8

Having concluded that the district court had jurisdiction, Judge Floyd explained that, in light of "Plaintiffs' constant altering of their positions to cater to the forum of the day" (Slip Op. 50), it would be an abuse of discretion for the district court to do anything other than grant sanctions and vacate the Remand Orders (*id.* at 48-58). The "contradictory assertions contained in plaintiffs' filings and the statements made by plaintiffs' counsel speak for themselves" and "prevented Colgate from fully presenting its case as to federal jurisdiction," and thus the interest in finality must "yield[] to 'justice being done in view of all of the facts.'" *Id.* at 56 (quoting *Schultz*, 24 F.3d at 630).

## ARGUMENT

I. *EN BANC* REVIEW IS WARRANTED BECAUSE THE PANEL DECISION CONFLICTS WITH DECISIONS OF THIS COURT AND OTHER COURTS

A. The Panel Decision Conflicts With Decisions Holding That Federal Courts Have Jurisdiction To Consider Post-Remand Sanctions

In holding that district courts lack authority to order *any* sanctions following remand of a case to state court for lack of subject-matter jurisdiction (*see* Slip Op. 9), the panel majority has created "a cosmic circuit split" and "contraven[ed] Supreme Court precedent and this Court's precedent" (*id.* at 33). As Judge Floyd explains in detail in dissent (*see id.* at 24-33), "every federal court that has addressed … whether district courts retain jurisdiction to impose sanctions after remand to state court … has answered [that] question[] affirmatively" (*id.* at 24).

9

*First*, the majority decision conflicts with the Supreme Court's decisions in *Cooter & Gell*, 496 U.S. 384, and *Willy*, 503 U.S. 131. In *Cooter & Gell*, the Court held that a district court had jurisdiction to impose Rule 11 sanctions following the voluntary dismissal of a case pursuant to Fed. R. Civ. P. 41(a)(1), explaining that "[i]t is well established that a federal court may consider collateral issues after an action is no longer pending." *Id.* at 395. In *Willy*, the Supreme Court applied that reasoning to hold that a district court has jurisdiction to consider a motion for Rule 11 sanctions arising from misconduct that occurred while it lacked subject-matter jurisdiction and to impose sanctions for that conduct following remand to state court. *See id.* at 137-39 (citing *Cooter & Gell*, 496 U.S. at 395-96). Although noting that "[a] final determination of lack of subject-matter jurisdiction … precludes further *adjudication* of [a case]," it reiterated that a district court retained jurisdiction over issues "collateral to the merits." *Id.* at 137 (emphasis added). Here, in conflict with *Cooter & Gell* and *Willy*, the majority held that a determination of no subject-matter jurisdiction precludes "any further proceedings of any character." Slip Op. 9.

*Second*, in contrast to the panel majority here, other courts of appeals have relied on *Cooter & Gell* and *Willy* to hold that a remand does not deprive a district court of jurisdiction over sanctions motions. For example, the Second Circuit cited both decisions in holding that it is "clear that the district court had jurisdiction to

10

deal with [plaintiff's] motion for Rule 11 sanctions on the merits" following an order remanding the case to state court. *Bryant*, 420 F.3d at 163-64 (citing *Cooter & Gell*, 496 U.S. at 395-96; *Willy*, 503 U.S. at 137-38). Similarly, the Third Circuit relied on *Willy* to hold that "[a]lthough the District Court relinquished jurisdiction over this case when it either dismissed or remanded all the claims before it, it still had jurisdiction to order sanctions." *Lazorko*, 237 F.3d at 247. And the Ninth Circuit recently relied on *Cooter & Gell* to affirm Rule 11 sanctions based on unreasonable removal, holding that "the district court had jurisdiction to impose Rule 11 sanctions in the amount of attorney's fees even after remanding the case to state court." *Desert Sch. Fed. Credit Union v. Johnson*, 473 F. App'x 804 (9th Cir. 2012) (citing *Cooter & Gell*, 496 U.S. at 394-98).

*Third*, the majority decision finds no support in this Court's decisions. While the majority relied on dicta from this Court's decision in *Three J Farms* (Slip Op. 9)—a case that held that § 1447(d) deprived district courts of jurisdiction over *motions to reconsider* remand orders (*see* 609 F.2d at 115)—this Court in fact has followed other courts in affirming sanctions orders entered after remand to state court. *See Anton Leasing, Inc. v. Engram*, 846 F.2d 69 (4th Cir. 1988) (per curiam) (unpub.) ("While the district court was without jurisdiction to rule on the transfer motion [following remand order], we find that the court had jurisdiction to review the [post-remand] request for just costs [as a sanction] and that that part of

11

the order is appealable."); *cf. ITT Indus. Credit*, 832 F.2d 307 (affirming sanction for improper removal)

In sum, the majority's "far-reaching" holding (Slip Op. 27) that the district court lacked jurisdiction to consider whether to award post-remand sanctions conflicts with decisions of the Supreme Court, this Court, and other courts of appeals and thus warrants *en banc* review.

**B.   The Panel Decision Conflicts With Decisions Holding That 28 U.S.C. § 1447(d) Does Not Bar Vacatur Of Remand Orders For Reasons Collateral To The Merits**

Rehearing *en banc* is also warranted because the majority's holding that § 1447(d) precludes Rule 60(b)(3) relief from a remand order procured by misconduct (Slip Op. 8-15) conflicts with (1) decisions of this Court holding that Rule 60(b)(3) motions do *not* entail consideration of the merits of the underlying order and (2) decisions of other courts of appeals holding that district courts retain jurisdiction to vacate remand orders for reasons collateral to the merits.

*First*, the majority's conclusion that Colgate's Rule 60(b)(3) motion "necessarily requires a merits review of the remand orders" (Slip Op. 12) conflicts with this Court's decisions holding that "Rule 60(b)(3) focuses not on erroneous judgments as such, but on judgments which were *unfairly procured*." *Schultz*, 24 F.3d at 631 (emphasis added) (quoting *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 924 n.10 (1st Cir. 1988)); *see also Square Constr. Co. v. Wash. Metro. Area*

12

*Transit Auth.*, 657 F.2d 68, 72 (4th Cir. 1981) ("Setting aside a judgment under [Rule] 60(b)(3) does not require that the [fraud, misrepresentation, or misconduct] be sufficient to alter the district court's judgment."). These precedents make clear that, in contrast to majority's view, a Rule 60(b)(3) motion does not require examination of the merits of the underlying order.

*Second*, the majority's § 1447(d) holding conflicts with decisions of other courts of appeals that decline to equate "vacatur" of a remand order with prohibited "review[]" of that order. In *Aquamar*, for example, the Eleventh Circuit held that § 1447(d) did not deprive it of jurisdiction to vacate a remand order based on an issue independent of the merits of the remand order—there, an erroneous sovereign immunity ruling. The court explained that "[i]f we order the district court to vacate an order for reasons that do not involve a reconsideration or examination of its merits, then we have not 'reviewed' the order, and therefore have not fallen afoul of section 1447(d)'s prohibition on review." *Aquamar*, 179 F.3d at 1288.

Consistent with this vacate/review distinction, the Fifth Circuit held in *Tramonte* that it had jurisdiction to vacate a remand order on the ground that the district judge should have recused herself, because such a holding did "not constitute *a review of the merits* of that order, prohibited by 28 U.S.C. § 1447(d)." 136 F.3d at 1028 (emphasis added). Similarly, in *Williams v. Beemiller, Inc.*, 527 F.3d 259 (2d Cir. 2008), the Second Circuit held that § 1447(d) did not deprive it

13

of jurisdiction over an appeal of a remand order that "d[id] not require review of the merits of the remand order," but instead addressed only the collateral issue of whether "the District Court failed to apply the correct standard of review when considering [defendants'] objections to the Magistrate Judge's order remanding the case to state court," *id.* at 264; *see also Ill. Mun. Ret. Fund v. Citigroup, Inc.*, 391 F.3d 844, 849 (7th Cir. 2004) (similar).[2]

The majority's decision conflicts with each of these decisions permitting vacatur of a remand order on grounds collateral to the merits. *En banc* review is thus necessary for this reason as well.

## II.    *EN BANC* REVIEW IS WARRANTED BECAUSE THE PANEL DECISION INVOLVES A QUESTION OF EXCEPTIONAL IMPORTANCE REGARDING THE INTEGRITY OF FEDERAL JUDICIAL PROCEEDINGS

*En banc* review is warranted not only because of the significant intra-circuit and inter-circuit conflicts discussed in Part I, *supra*, but also because these conflicts involve questions of exceptional importance regarding district courts' ability to ensure the integrity of remand proceedings. Absent *en banc* review, the majority's decision will encourage plaintiffs to fraudulently conceal or misrepresent the nature of their claims in order to manipulate subject-matter

---

[2]    The majority seeks to distinguish these decisions because "they involved vacatur of remands based on rulings several steps removed from the core jurisdictional inquiry" (Slip Op. 13), but, as Judge Floyd notes, this purported distinction does not refute the applicability of the "vacate/review distinction" … in this case, which deals with the same statutory provision" (*id.* at 35).

14

jurisdiction while leaving federal courts without an effective means of ensuring the integrity of remand proceedings.  As Judge Floyd recognized, under the majority's decision, plaintiffs' counsel "lose[s] all incentive to present the facts of a case honestly to the court during removal."  Slip Op. 40.  Through its rigid adherence to principles of finality, the majority ignores that the well-established "policy of deterring misconduct which threatens the fairness and integrity of the fact finding process must outweigh considerations of finality," *Green v. Foley*, 856 F.2d 660, 667 (4th Cir. 1988) (quoting *Square Constr.*, 657 F.2d at 72), and in doing so risks grave injury to "the sanctity and integrity of judicial proceedings" (Slip Op. 40).

This concern is not hypothetical.  It is borne out by the facts of this case—in which Plaintiffs' counsel obtained remand without regard to their true intentions not to pursue any in-state defendant (*see* Slip Op. 16-23)—and by the well-documented conduct of other plaintiff-side asbestos counsel, *see, e.g.*, *In re Garlock Sealing Techs., LLC*, 504 B.R. 71, 84-87, 94 (Bankr. W.D.N.C. 2014) (describing plaintiff-side asbestos counsel's widespread practice of withholding evidence of alternate exposure sources in one venue and later disclosing such evidence when pursuing claims in another venue).  *En banc* review is warranted to ensure that district courts may protect the integrity of remand proceedings.

## CONCLUSION

The petition should be granted.

15

DATED:  May 14, 2014                    Respectfully submitted,


                                        s/ Faith E. Gay_____
Thomas P. Bernier                       Faith E. Gay
SEGAL MCCAMBRIDGE SINGER                William B. Adams
  & MAHONEY                             QUINN EMANUEL URQUHART
One North Charles Street                  & SULLIVAN, LLP
Suite 2500                              51 Madison Avenue, 22nd Floor
Baltimore, MD 21201                     New York, NY  10010
(410) 779-3960                          (212) 849-7000


            *Attorneys for Defendant-Appellant*


                                16

## <u>CERTIFICATE OF SERVICE</u>

I, Faith E. Gay, a member of the Bar of this Court, hereby certify that on May 14, 2014, I caused to be electronically filed the foregoing "Appellant's Petition For Rehearing *En Banc*" with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

s/ Faith E. Gay____